IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 11   P 5: 06

CLERK'S OFFICE
AT BALTIMORE

BY_____  DEPUTY

| | |
|---|---|
| JUAN CARRERO-VASQUEZ, #358107 | * |
| Plaintiff, | |
| v. | * CIVIL ACTION NO. RDB-13-3267 |
| JOHN WOLFE, *et al.* | * |
| Defendants. | |

\*\*\*\*\*

## MEMORANDUM OPINION

Pending is self-represented Plaintiff Juan Carrero-Vasquez's ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983.  ECF No. 1.  The Complaint seeks declaratory relief and compensatory damages.  Defendants, by their counsel, have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  ECF No. 14.  Plaintiff, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 15, has chosen not to file opposition materials.  No hearing is needed to resolve the issues presented.  *See* Local Rule 106.5 (D. Md. 2011).  For reasons to follow, Defendants' dispositive Motion, treated as a motion for summary judgment, IS GRANTED.

## BACKGROUND

In this Complaint, Plaintiff, who is now confined at the Worchester County Detention Center, claims that while housed at the Jessup Correctional Institution in March of 2012, he was heard before a "Disciplinary Board."  He accuses the Board of denying him "equal protection," violating his "due process rights, and "exhibiting deliberate indifference" in finding him guilty of an offense and sanctioning him with one year on disciplinary segregation, the loss of 200 good conduct days, and taking away his visits for six months.  ECF No. 1.  He claims that the

underlying infraction was based on a false accusation raised by a reporting officer and contends that his due process rights were violated by the Circuit Court for Allegany County which dismissed his appeal as moot.  *Id.*

## STANDARD OF REVIEW

### I.      Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.

2

*Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## 2.   Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the Court must not yield

its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). The Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and liberally construes Plaintiff's pleadings in light of the fact that he is self-

represented. *See Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff's allegations shall now be addressed

### A. Disciplinary Hearing

Plaintiff claims that his constitutional rights were violated during the course of his adjustment hearing. He primarily focuses on the report of a correctional officer, alleging that the fallacious report proved the basis for his adjustment infraction, finding of guilt, and sanctions.

The following facts remain undisputed, on February 29, 2012, Correctional Officer Roger Baptiste ("Baptiste") conducted a strip search of Plaintiff in the male restroom of JCI due to Plaintiff's return from an out-of-prison visit to Bon Secours Hospital. During the strip search, Baptiste found two pieces of metal, approximately 10" by 27" in length, concealed in the waistband of Plaintiff's boxer shorts. ECF No. 14 at Ex.1, Baptiste Decl. The officer, confiscated both pieces, handcuffed Plaintiff, escorted him to JCI B Building, and authored an infraction notice, citing Plaintiff with violating Division of Correction ("DOC") rules. On March 20, 2012, Plaintiff was subsequently found to have violated Rule 105 (possession of a weapon) and Rule 406 (possession of contraband) based upon the Adjustment Hearing Officer's ("AHO") finding that the report was true. *Id.* at Exs. 1 & 2.

Plaintiff appealed the adjustment decision to the Inmate Grievance Office, which administratively dismissed the appeal for the failure to state a claim. The Circuit Court for Allegany County dismissed the appeal as moot on the basis of Plaintiff's release from the DOC. *Id.*

Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in

such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). Where inmates are deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding. See *Wolff v. McDonnell*, 418 U.S. at 563-573. The high court indicated that while "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply," minimum procedural due process must be provided. *Id*. at 566. *Wolff* set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; [1] (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. at 563-71. An additional procedural requirement was set forth in *Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill*, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322-23 (1976); *Brown v.*

---

[1]      Inmates have no right to confront adverse witnesses in institutional disciplinary proceedings. *See Brown v. Braxton*, 373 F.3d 501, 504-05 (4th Cir. 2004).

*Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004).  As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  *See Baxter*, 425 U.S. at 323 n.5.  An allegation that the disciplinary hearing decision was based on false testimony, does not state a due process claim.  In *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), the Second Circuit concluded that with regard to alleged falsified evidence, due process is satisfied where an inmate is afforded the opportunity to confront and challenge the alleged perjured testimony offered in the reports.  *Id.* at 953.

Given the materials presented to the Court, it is clear that Plaintiff was provided all the due process to which he was entitled.  According to the unopposed record, Baptiste conducted a strip search of Plaintiff and two metal pieces were found in his boxer shorts.  A Notice of Inmate Rule Violation ("NOIRV") was written by Baptiste indicating that the weapon/contraband had been confiscated from Plaintiff and the matter was referred to an AHO.

Both representation and witnesses were waived by Plaintiff.  Plaintiff testified during the course of the proceeding.  Baptiste's NOIRV report and a photograph of the metal pieces were submitted into evidence.  The AHO found Baptiste's report to be credible.  Plaintiff was found guilty of Rule 105 & 406 violations.  He was sanctioned with 365 days segregation, the revocation of 200 days of good conduct credits, and the loss of visits for 180 days.  There is no showing, much less allegation, the prison staff failed to provide him written notice of the infractions, the right to call witnesses and present evidence, or an adjustment hearing.  Moreover, the AHO guilty finding was clearly based upon the evidence presented at the hearing, *i.e.*, an adjustment report.  The decision satisfies the "some evidence" standard under *Hill*.

**CONCLUSION**

For the aforementioned reasons, Defendants' court-construed motion for summary judgment will be granted. A separate Order follows.


Date: July 11, 2014                                      _____
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

8